333) were made. The claim at 35 percent ad valorem, plus any additional duty applicable under paragraph 924, was therefore sustained.

**No. 52475.**—B. Altman & Co. *v.* United States, protest 136701–K (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel that certain items of the merchandise consist of knitted wool scarves the same in all material respects as those involved in Abstract 50303, the claim of the plaintiff was sustained.

**No. 52476.**—B. Altman & Co. *v.* United States, protests 137031–K, 137062–K, and 137069–K (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel that certain items of the merchandise consist of knitted wool scarves the same in all material respects as those involved in Abstract 50303, the claim of the plaintiff was sustained.

**No. 52477.**—Nanking Store *v.* United States, protest 124465–K (San Francisco).

Opinion by TILSON, J. The report of the Government analyst received in evidence reads: "The hula skirt is composed of dyed bast (fibrous bark), in the form of shaved strips, approximately 30 inches in length, 0.005 inch thickness and of various widths to ½ inch." Counsel for the defendant in its brief conceded that the merchandise is not composed of a vegetable fiber and that its proper classification is under paragraph 412. It was held that this case is controlled by the decision in *Ropes* v. *United States* (T. D. 12959), wherein it was decided that bast matting was not a manufacture of vegetable fiber. Upon the facts presented, the cited authority, and the concession of counsel for the defendant, the items of merchandise invoiced as "hula skirts" were held properly dutiable at 33⅓ percent under paragraph 412 as manufactures of bark, not specially provided for, as claimed.

BEFORE THE THIRD DIVISION, JULY 21, 1948

**No. 52478.**—Cluett Peabody & Co., Inc. *v.* United States, protests 62285–K and 64942–K (New York).